3/10/2021 3:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51349539
By: Joshua Hall
Filed: 3/10/2021 3:00 PM

CAUSE NO.

| | |
|---|---|
| NORA HILDA DEL TORO, | IN THE DISTRICT COURT |
| Plaintiff, | |
| vs. | _____ JUDICIAL DISTRICT |
| FIESTA MART, LLC., | |
| Defendant. | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Nora Hilda Del Toro ("Plaintiff"), and files this Original Petition complaining of and against Fiesta Mart, LLC ("Defendant"), and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

Plaintiff, Nora Hilda Del Toro, is an individual residing in Harris County, Texas.

Defendant, Fiesta Mart, LLC is a limited liability company doing business in the State of Texas. Defendant may be served with process through its registered agent office, CT Corporation

**EXHIBIT C**

System, <u>1999 Bryan St., Ste. 900, Dallas, TX 75201, or wherever the registered agent may be found</u>. Defendant may be served with process through its registered agent and manager, Carlos Smith, <u>5444 Westheimer Rd., Suite 101, Houston, TX 77056, or wherever the registered agent may be found</u>. Defendant is hereby requested at this time.

### III. JURISDICTION & VENUE

The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Harris County, Texas, as this is the county in which the cause of action occurred.

### IV. FACTUAL BACKGROUND

On August 29, 2019, Nora Del Toro Del Angel was a patron at your store located at 1020 Quitman Houston, Texas 77009. At the time of the incident, this store was owned, controlled, and/or operated by Defendants named herein.

At the time of the incident, Plaintiff was shopping in the detergent isle when she slipped on a water-like substance and fell to her knees. That substance turned out to be a puddle of water. The store manager came to Ms. Del Toro Del Angel's aid, made a report and called an ambulance for Plaintiffl.

Defendants failed to properly and sufficiently warn patrons such as Plaintiff of the possible injury hazards caused by not properly maintaining its floors. Defendant failed to properly placed warning signs to warn patron's of the wet floor. As a result of Defendants' negligence, Plaintiff suffered bodily injuries.

## V. NEGLIGENCE OF DEFENDANT FIESTA MART, LLC

Because Plaintiff was on Defendants' premises to shop, she was an invitee at the time of the incident. The negligence of Fiesta Mart, LLC and the store manager did not place any warning signs to warn patrons of the wet floor and negligence of maintaining store aisles. Defendants' premises posed an unreasonable risk of harm to its business patrons such as Plaintiff. Defendants knew or should have known the danger of the puddled water in the aisles. Defendants owed a duty to its invitees, such as Plaintiff, to exercise ordinary care. Defendants breached its duty of ordinary care to Plaintiff in one or more of the following particulars:

   a. In failing to verbally warn invitees, such as Plaintiff, of the floor;
   b. In failing to place any warning signs in the wet aisle areas;
   c. In failing to place any barriers in the area to prevent invitees, such as Plaintiff, from unwitting being exposed to the danger of a puddled water;
   d. In failing to make the condition reasonably safe or remove the condition by removing excess water from the aisles walk way for invitees, such as Plaintiff;
   e. In failing to properly inspect and maintain its premises.

Each of the above acts and omissions, singularly or in combination, constituted negligence which proximately caused the collision and Plaintiff's injuries and damages.

## VI. DAMAGES

Because of the actions and conduct of Defendants set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

Because of the nature and severity of the injuries Plaintiff sustained, she has suffered physical pain, mental anguish and physical impairment, and in reasonable probability will continue to suffer physical pain, mental anguish and physical impairment into the future.

The injuries sustained by Plaintiff have required medical treatment in the past and in reasonable probability will require other and additional medical treatment in the future. Charges

incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

## VII. RESERVE THE RIGHT TO AMEND & SUPPLEMENT

These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## VIII.   REQUEST FOR DISCLOSURE TO DEFENDANT

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose within the time period set forth in Rule 194.3 the information or material described in Rule 194.2(a)—194.2(l).

## IX. PRE-JUDGMENT INTEREST

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## X. RULE 193.7 NOTICE

Plaintiff hereby give actual notice to Defendants that any and all documents produced may be used against them during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

## XI. DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant of Tex. R Civ. P, 21(a) and 21(f)(2).(vle@millerweisbrod.com). This is the ONLY electronic service email address, and service through any other email address will be considered invalid.

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiffs recovers actual damages as specified above from Defendants, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

6200 Gulf Freeway, Suite 410
Houston, Texas 77023
Telephone: (713) 349-1500
Facsimile: (713) 432-7785

  */s/ Christopher Ngo*
Christopher Ngo
State Bar No.: 24105692
cngo@millerweisbrod.com

**ATTORNEY FOR PLAINTIFF**