United States District Court
Southern District of Texas
**ENTERED**
April 20, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORA HILDA DEL TORO, § § *Plaintiff*, § § v. § § FIESTA MART, LLC, § § *Defendant*. § § § § § | CIVIL ACTION NO. 4:21-cv-1166 |

## ORDER

Pending before the Court is Defendant Fiesta Mart, LLC's ("Fiesta Mart" or "Defendant") Motion for Summary Judgment (Doc. No. 17). Plaintiff Nora Hilda Del Toro ("Del Toro" or "Plaintiff") responded in opposition (Doc. No. 20) and Defendant replied (Doc. No. 22). Having considered the Motion and the applicable law, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment.

### I.  Background

This case centers on a premises liability slip and fall claim that took place at a Fiesta Mart grocery store. Plaintiff initially filed this lawsuit in the 157th Judicial District Court of Harris County. Defendant removed this case to this Court. (Doc. No. 1-3 at 2). The facts pled in Plaintiff's Original Petition are scant at best. In that petition, Plaintiff alleges that she was shopping in the detergent aisle when she "slipped and fell on a water-like substance," that "turned out to be a puddle of water" while visiting the store. (*Id.*).

Defendant filed this Motion for Summary Judgment, arguing that Plaintiff's negligence claim fails because they were not caused by a contemporaneous activity and that Plaintiff lacks evidence to support her premises liability claim. (Doc. No. 17 at 3-4). Plaintiff responded in opposition (Doc. No. 20) and Defendant replied (Doc. No. 22).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

A. <u>Negligence</u>

Under Texas law, "[r]ecovery on a negligent activity theory requires that the person must have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Defendant argues that to the extent Plaintiff has pled a negligence claim, it fails because her injuries stem from a condition of the premises rather than from Fiesta Mart's contemporaneous activity. (Doc. No. 17 at 3). Specifically, Defendant contends that because Plaintiff the factual basis of her claims are rooted in the presence of a "liquid substance on the floor" and a "wet floor," Plaintiff may only pursue her claims under a theory of premises liability. (*Id.* at 4).

As an initial matter, based on Plaintiff's Original Petition, she has not pled a negligence cause of action outside of a premises liability claim. (*See* Doc. No. 1-3 at 3). Although Section V of Plaintiff's Original Petition is titled "Negligence of Defendant Fiesta Mart, LLC," the contents of this section are more akin to a premises liability cause of action than that of some contemporaneously negligent act. While it appears that Plaintiff is attempting to cure this issue by filing a Motion for Leave to File an Amended Complaint (Doc. No. 21), that proposed amended complaint, however, still does not plead a negligence cause of action different from a premises case. (*See* Doc. No. 21-1). As this Court noted in its Order denying Plaintiff's Motion for Leave, Plaintiff's proposed amended complaint appears to add nothing of substance to her Original Petition. (Doc. No. 24). There are no substantive distinctions between the contents of and causes of action pled in Plaintiff's Original Petition as compared to her proposed amended complaint.

Furthermore, to the extent such a claim has been pled, Plaintiff fails to address Defendant's arguments concerning this type of negligence cause of action in her Response in opposition. (*See*

Doc. No. 20). A party's failure to respond to arguments raised in a motion for summary judgment constitutes waiver or abandonment of those issues at the district court level. *See Treece v. Perrier Condominium Owners Association, Inc.*, 593 F.Supp. 422, 429-30 (E.D. La. 2022); *Sims v. Nacogdoches County, Texas*, 2022 WL 3207460 at *3 (E.D. Tex. July 18, 2022) (quoting *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983). Plaintiff did not attach any evidence regarding a negligence cause of action outside of a premises liability context and did not address Defendant's arguments concerning the validity of the cause of action. Accordingly, the Court finds that outside of a premises liability context, Plaintiff has not pled a negligence cause of action in this case. Moreover, to the extent that any such negligence claim has been made, Plaintiff did not file any briefing in opposition, nor did she file any evidence to raise an issue of material fact. Therefore, any such claims are hereby dismissed.

B. Premises Liability

To succeed on a premises liability claim, an invitee must prove four elements: (1) actual or constructive knowledge of a condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's failure to use such care proximately caused the plaintiff's injury. *Diez v. Alaska Structures, Inc.*, 455 S.W.3d 737, 742 (Tex. App.—El Paso 2015, pet. aff.).

Defendant contends that Plaintiff's premises liability claim should be dismissed because she has no evidence that Fiesta Mart had actual or constructive notice of the substance she slipped on. To support this contention, Defendant cites Plaintiff's deposition, where she testified that she did not know how long the water was on the floor prior to her fall, or how it got there. (Doc. No.

17-2 at 51:2-522:2, 53:24-54:4). Plaintiff also testified that she was unaware of whether a Fiesta Mart employee knew that the liquid was on the ground and that no Fiesta Mart employees were present or near the detergent aisle where she slipped. (*Id.*). Moreover, Plaintiff admitted during her deposition that the "puddle was small," "transparent," and that "[y]ou could not see it." (*Id.* at 49:20, 49:22-23). Based on this testimony, Defendant argues that Plaintiff fails to raise an issue of material fact that Fiesta Mart possessed constructive knowledge of the substance, so her premises liability claim must be dismissed.

In response, Plaintiff maintains that Fiesta Mart had actual and/or constructive knowledge of the substance that caused Plaintiff to slip and fall. To support this contention, Plaintiff cites to a Customer Incident Report, which Luiz Lozano ("Lozano"), the manager on duty at Fiesta Mart the day of the accident, filled out. (*See* Customer Incident Report, Doc. No. 20-1). Plaintiff contends that within the report, under the section titled, "Condition of Area Upon Inspection," Lozano wrote that "there was some clear liquid about 12 inches wide on the floor." (*Id.* at 2). Based on this statement, Plaintiff contends this is evidence that Fiesta Mart had actual and/or constructive knowledge of the allegedly dangerous condition. Plaintiff does not cite to any other evidence to support this argument.

The Court does not find that Plaintiff has met her burden in presenting sufficient evidence to raise an issue of material fact that Defendant had actual or constructive knowledge of a dangerous condition or that Defendant failed to exercise reasonable care to reduce or eliminate the alleged risk. Based on Plaintiff's own deposition testimony, she concedes that she did not have any idea how long the substance was on the floor and that the substance was a small puddle that was inconspicuous. She also admits that no Fiesta Mart employee was present in the detergent aisle when she fell and that she had no idea whether any Fiesta Mart employee or personnel knew

about the substance on the floor before she slipped. Moreover, Plaintiff's reference to the Customer Incident Report is unavailing. The report states that Lozano did not witness the accident, which means the report was created *after* the incident occurred. (*See* Doc. No. 20-1) (emphasis added). The law is clear that an owner's actual and/or constructive knowledge must stem from knowledge of the dangerous condition *at the time of the incident. See City of Corsicana v. Stewart*, 249 S.W.3d 412, 414 (Tex. 2008); *Sampson v University of Texas at Austin*, 500 S.W.3d 380, 392 (Tex. 2016) (emphasis added). Thus, Plaintiff may not use knowledge that Fiesta Mart acquired after the incident to show actual or constructive knowledge. Based on Plaintiff's own testimony and the complete lack of other evidence, Plaintiff has failed to bring forth sufficient summary judgment evidence to raise an issue of material fact on either a theory of liability, unreasonably dangerous condition, and causation; therefore Defendant's motion must be granted.

C. Plaintiff's Request to Modify the Discovery Period

In her Response in opposition, Plaintiff also argues that she was unable to properly respond to Defendant's Motion for Summary Judgment because "the parties have not had adequate time for discovery" and that counsel for Plaintiff is "still waiting on supplemented documents related to safety manuals, guidelines, [and] bulletins instructing Defendant's employees as to the floor maintenance." (Doc. No. 20 at 4). In its Reply to Plaintiff's Response in opposition, Defendant maintains that it informed Plaintiff that the requested documents would be produced provided that Plaintiff would sign an agreed protective order and confidentiality agreement. (Doc. No. 22 at 3-4). According to Defendant, Plaintiff did not agree to execute a protective order and confidentiality agreement before the discovery deadline on October 28, 2022, and never sought to compel production of the documents. (*Id.*).

It has been more than two years since this case was filed, nearly six months have passed since the discovery deadline, and this case is set to go to trial in less than two months. Plaintiff has had ample opportunity to seek the necessary documents for her case and has elected not to pursue any remedy. Thus, to the extent that Plaintiff is requesting a continuance of the discovery period past the Court's current discovery deadline, it is denied.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. The case is hereby dismissed with prejudice.

Signed at Houston, Texas, this 20th day of April, 2023.

Andrew S. Hanen
United States District Judge